**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE VEGA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL ACTION NO. 3:23-cv-00801<br><br>(SAPORITO, J.) |

# ORDER

This matter comes before the court on the plaintiff's Section 406(b) motion for an award of attorney's fees. Doc. 27; *see also* Doc. 28; Doc. 30.

Taking into consideration the amount of time spent on the case,[1] the result achieved,[2] the experience of counsel,[3] the nature of contingent

[1] The plaintiff's attorneys and paralegals logged 22.5 hours representing the plaintiff before this court. Of this time, 5.3 hours were paralegal time. The remaining 17.2 hours were expended by the following attorneys as indicated in the accompanying parentheticals: Howard D. Olinsky (0.3 hours); Edward Wicklund (1.7 hours); Andrea Parente (0.6 hours); Caeden Sehested (14.3 hours); and Daniel Brady (0.3 hours).

[2] After the plaintiff filed her opening brief in this appeal, the Commissioner filed an unopposed motion to remand the case for further administrative proceedings. On remand to the agency, the plaintiff was awarded $149,103 in past due benefits covering a six-year period while her application and appeals were being litigated.

[3] At the time of the representation, Attorney Olinsky had been

*(continued on next page)*

fees and the risk of non-recovery, and counsel's typical hourly rate,[4] we find the requested fee of $22,275.75 is "large in comparison to the amount of time counsel spent on the case," and thus "a downward adjustment is . . . in order." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In particular, we note that, after deducting 5.3 hours of paralegal time at $100 per hour, the effective hourly rate for 17.2 hours of attorney time is $1,264.29, which is nearly triple the hourly rate of the two most experienced attorney timekeepers, Attorneys Olinsky and Wicklund, and we further note that all but two hours of this attorney time was recorded by junior attorneys without the substantial experience to justify the higher $450 hourly rate charged by Attorneys Olinsky and Wicklund.

Under the circumstances presented, we conclude that $900 per hour is an appropriate and sufficient award for counsel's work here, as that

---

practicing law for nearly forty years and Attorney Wicklund had been practicing law for nearly fifteen years, both presumably developing significant expertise in the area of social security disability law. Attorneys Parente, Sehested, and Brady, however, had each been practicing law for only three to five years at the time.

[4] Attorney Olinsky and Attorney Wicklund both bill a typical hourly rate of $450 per hour. Attorneys Parente, Sehested, and Brady work exclusively on contingent-fee matters, and thus have no regular hourly rate. As junior associates, however, their hourly rates presumably would be substantially less than those billed by Olinsky and Wicklund.

figure rewards the risk undertaken and the results achieved while preventing an inappropriate windfall. We will therefore grant the motion but award only $16,010 in attorney's fees.[5]

Accordingly, **IT IS HEREBY ORDERED THAT** the motion (Doc. 27) is **GRANTED with a reduction**. Counsel for the plaintiff, **Andrea Parente, Esq.**, is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of **$16,010.00** (or 25% of the plaintiff's past-due benefits, whichever is less). Upon payment of this amount in full, counsel shall refund to the plaintiff any attorney's fees she or her law firm previously received under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Dated: September 22, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

[5] To be clear, this represents 17.2 hours of attorney time at an hourly rate of $900 ($15,480) plus 5.3 hours of paralegal time at an hourly rate of $100 ($530).